This is an appeal following the denial of Mr. Haynes' post-conviction petition after an evidentiary hearing at the third stage of the proceedings. Mr. Haynes was convicted of first-degree murder at a stipulated bench trial. We have a direct appeal in this court to affirm the judgment of the circuit court. Mr. Haynes had filed a post-conviction petition, counsel was appointed, and has noted the matter advanced to a third stage evidentiary hearing. In this appeal, I have raised two issues. In argument one, I asked this court to remand the matter for further post-conviction proceedings because the post-conviction counsel did not substantially comply with the duties of Supreme Court Rule 651C. Counsel did not file a 651C certificate while the case was in the trial court. No head counsel filed a certificate at the time that my opening brief was filed in this appeal. A lot of this court granted the state's motion to add counsel's certificate to the record. And while the filing of the certificate, even at this stage of the appeal, creates a presumption that counsel had complied with the duties required by Rule 651C, I submit that this presumption is overcome because the record does not affirmatively show that counsel substantially complied with the duties set forth in the rule. First, the record does not show that counsel consulted with Mr. Haynes to ascertain his contentions of constitutional deprivation. After the court denied Mr. Haynes' petition for post- conviction relief at the end of the hearing, the court asked counsel to state on the record whether he complied with the rule. Counsel replied that he consulted with Mr. Haynes and amended the record to state whether he consulted with Mr. Haynes to ascertain his contentions of constitutional deprivation. Thus, the record rebuts counsel's assertion in the certificate that he consulted with Mr. Haynes to ascertain his contentions of constitutional deprivation. This was counsel's opportunity to state on the record whether he consulted with Mr. Haynes regarding his constitutional claims of constitutional deprivation. And he did not do that. It was not until the appeal, after I had raised the issue, that counsel asserted that he consulted with Mr. Haynes to ascertain his contentions of constitutional deprivation. The comment in the certificate is less credible than the remarks that counsel made on the record when directly asked by the trial court. Moreover, the record does not show that counsel examined the record of the trial proceedings as required by the rule. This is a lengthy record, and Mr. Haynes' pro se petition raised issues from the pretrial to the sentencing. Counsel's argument at the evidentiary hearing does not demonstrate he was familiar with the trial record or the facts relevant to many of the claims raised in the amended petition. Indeed, counsel's argument at the evidentiary hearing was limited to the claims that Mr. Haynes did not understand the difference between a stipulated bench trial and a guilty plea and that the stipulated guilty plea was tantamount to a guilty plea requiring Supreme Court rule fell to admonishments. Counsel made no reference to the claims at the evidentiary hearing that counsel was ineffective for not presenting evidence of ineffective assistance of counsel. Thus, counsel's unfamiliarity with the facts of the record shows that counsel did not substantially comply with Rule 651C's requirement to amend the matter for compliance with Supreme Court Rule 651C. In argument two, I ask this Court for a new evidentiary hearing because Mr. Haynes did not receive reasonable level of assistance at this third stage evidentiary hearing where counsel failed to present evidentiary support in arguments of his claims raised in the amended petition. At the third stage evidentiary hearing when counsel was not represented by counsel, counsel was obliged to make a substantial showing of a constitutional violation by presenting evidence in the form of affidavits, oral testimony, or other evidence. Counsel is required to perform competently regarding the presentation of evidence at the evidentiary hearing. Therefore, reasonable assistance requires counsel at the evidentiary hearing to competently present the evidence in argument in support of the claims raised in the petition and to develop evidence not in the record. Here, Mr. Haynes, counsel performed none of these obligations. Again, Mr. Haynes raised a post-conviction petition raising several claims of ineffective assistance of counsel. Counsel may file an amended petition raising those same claims and adding claims that Mr. Haynes did not understand the stipulated bench trial. Counsel then filed a second amended petition adding all these claims and adding that the jury waiver was involuntary and the stipulation of bench trial was unknowing. Then at the evidentiary hearing, counsel failed to present evidentiary support for many of the claims raised in the amended petition regarding ineffective assistance of counsel. No argument or evidence was presented or argument made as to why counsel was ineffective for not filing a motion to quash the arrest. No evidence was presented or argument made as to the claim that Dr. Nandori could have provided evidence of a preexisting condition in drug use of the sedent that would have shown that those conditions contributed to the cause of death. There was no evidence to support the claim that Christopher Young, one of the witnesses stipulated to the evidence at the stipulated bench trial, there was no evidence showing that he was, there was impeachable evidence to present against him. Thus, all these, moreover, not only would counsel not make arguments or present evidence in support of these claims raised in the petition, he made, there was no argument as to why counsel's failure to raise these claims was not based on sound strategy. Again, he's alleging an effect of assistance of counsel in the petition. He did not file a motion to quash. He did not pursue impeachment evidence, so on and so forth. But there was no claim, no evidence or argument presented as to why that was sound strategy for counsel not to do that. There was no argument as to how Mr. Hayes was prejudiced by counsel's failures, which of course is essential to establish a claim of an effective assistance of counsel. Again, the only argument that counsel made at the hearing pertained to claims that Mr. Hayes did not understand the stipulated bench trial and the stipulated bench trial was tantamount to a guilty plea. For example, the pro se petition, the amended petition's alleged trial counsel was ineffective for failing to file a motion to quash the arrest. Counsel would not explain, not present any evidence or explain why that evidence, that it was sound strategy not to file the motion to quash and how any supporting evidence as to why it would have been granted and how Mr. Hayes was prejudiced by the failure of trial counsel to raise that issue. Simply making bold allegations in the petition that this counsel was ineffective is insufficient. Rather, to show counsel was ineffective, the post-conviction counsel must provide evidence and support and explain why counsel's decisions were not based on sound strategy. If counsel makes the claims in a post-conviction petition, he's obliged to support those claims with evidence. Counsel would not do that here. In an evidentiary hearing, counsel is expected to present petitioners' claims to the court, present evidence in support of those claims, make argument on the merits of those claims, and use the evidentiary hearing as an opportunity to develop matters not on the record. Again, counsel failed to perform these basic obligations. Therefore, counsel failed to provide a reasonable level of assistance at the evidentiary hearing. Such, I ask this Court to amend the case for a new evidentiary hearing where counsel will be obliged to provide effective, reasonable level of assistance. Thank you, Your Honor. Thank you, counsel. May it please the Court. Counsel, my name is Sharon Shanahan, and I represent the people of the State of Illinois. As defendant has conceded here before this Court, I am concerned about the presumption that post-conviction counsel did file a 651C certificate, and therefore there is a rebuttable presumption that post-conviction counsel provided what he said he did in the petition. And I'd like to add one more thing. Not only is the presumption there, but it is the defendant's burden to overcome that presumption. And I think this is done in three ways. Number one, simply by the filing of the certificate itself. Number two, by the oral records and citations to the Court in which post-conviction counsel said he had confirmed with his clients since December of 2008 with reference to his case. He modified the proceedings. He supplemented with some additional matters. He did confirm with him. And the trial court went on to say, and I would note for the record that the record shows quite clearly that those steps were in fact taken, and that Mr. Hale is in compliance with Supreme Court Rule 651. Now, in this statement, and the defendant takes issue with this statement and with some of the things in that post-conviction counsel actually did by saying he didn't say what he conferred about, well, counsel was appointed to be defendant's post-conviction counsel. He has been appointed to help put this petition in the right form. What else would he be conferring with him about? So that leads us to the third reason that I believe that there is compliance with 651 here, and that is that it is clearly supported by the record. Post-conviction counsel consulted with the defendant 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 times, again, to say, well, it doesn't say he consulted on the defendant's contentions of constitutional error. His job, he has a job as an appointed counsel. If he consults with his defendant that many times, defendant has not overcome his presumption, his burden of proving that those constitutions were not about the post-conviction petition and the allegations of constitutional deprivation. He amended this petition two times, and it's really hard to imagine what more post-conviction counsel could have done. I mean, it's really hard to imagine what more post-conviction counsel could have done. And moving on to another requirement for 651C is examination of the record on proceedings. The record indicates that counsel obtained the record of the proceedings from the circuit clerk. The record also indicates that he was provided with the transcript of the stipulated bench trial. And it was, again, the record on appeal was provided to counsel. Again, and again, I say, for what purpose if not to examine it? Moral or post-conviction counsel demonstrated his familiarity with the record when he drew out how little defendant knew about stipulated bench trials. He noted that defense counsel did not have a compelling actor in the underlying crime of mob action, questioning, therefore, whether it could be a mob. He was aware of the issues raised and not raised on direct appeal. Counsel says, well, this is a long record. Well, the three of you, me, counsel for the record, we're going to look at it in a timely amount of time. And the fact that the post-conviction counsel chose to focus on the strongest issues, the defendant's understanding of a stipulated bench trial, rather than referring to claims like that he didn't bring out the pre-existing condition, which could not have changed the outcome of this trial, the blood spot, spasticity of the condition, and the fact that he chose to focus on the strongest issues does not indicate that he was unfamiliar with the record. Moreover, again, this is the defendant's burden, and there's nothing in here that says he should have presented this. The argument is he should have presented something. Finally, 651C requires any necessary amendments to the petition. As I noted, this petition was omitted twice, and as People v. Jones says, there is nothing in the rule that suggests that the certificate is intended to be a comprehensive recounting of all of post-conviction counsel's efforts. He said he was not informed of a stipulated bench trial, and only waived the jury trial because his attorney told him he could not present any defense. Post-conviction counsel amended that into a claim of ineffective assistance of counsel. He said defense counsel abandoned his motions of suppressing his arrest. That's what he did. He did what he was supposed to do. He added a claim as far as the testimony of Codependent Young, and the defendant has failed to carry his burden of establishing what additional facts post-conviction counsel should have added to the petition. And I would again note that the filing of a 651C certificate gives rise to rebuttable presumption that post-conviction counsel has provided reasonable assistance. And I also would like to note that the standard for reasonable assistance is lower than the standard for direct appeal. And the standard for reasonable assistance is that the defendant is entitled to less from post-conviction counsel than on direct appeal. And the flip side of this is that it is even more difficult for the defendant to prove that he received unreasonable assistance. That's people versus the rescue. So to say, well, you should have argued all of these other things, the Smith Court notes that the defendant is entitled to reasonable assistance, but counsel may not have orally argued every single issue set forth in the defendant's post-conviction petition, but that doesn't amount to unreasonable assistance. I would also note that as far as bringing in more evidence, there's no need to bring in more evidence if what's necessary to resolve these issues is either in the record or in the documentation that is provided in the post-conviction petition. I also want to point something out. Throughout this entire argument, it seems like the defendant has forgotten that this was a stipulated bench trial. So, for example, the blood spatter evidence. No one's ever going to know if defense counsel would have presented evidence on this issue because the defendant chose to stop his trial before that came along. Same thing with Christopher Young. No one is ever going to know if defense counsel was going to present evidence on this issue. There was a stipulation, and the stipulation did include several impeaching factors in Mr. Young's, the fact that he lied to police originally, the fact that he got a deal on this, and to say that this would have been a major issue for the trial, and that somehow had to bring Mr. Young in to what? To say what? As far as the Buckley affidavit, the third stage post-conviction petition says that the court can consider affidavits, depositions, oral testimony and other evidence. And this trial court's order says it did consider those kind of third stage post-conviction petitions. They can be used in the same manner and with the same force as though they were subscribed and sworn to under oath. And so, and finally I would note that that affidavit provides little. Go ahead, finish your sentence. Provides little because both the defendant and Mr. Young admitted that they were there when this man died. So Buckley's affidavit saying that he wasn't there says nothing. Thank you, Your Honor. Thank you. Counsel? Briefly, Your Honors. Regarding the overcoming the burden that the presumption, the presumption that the certificate establishes here regarding the consulting with Mr. Haines as required by the rule, again, the trial court asked counsel in the case where he was talking about the end of the evidentiary hearing to put on the record that he performed the duties required by the rule. And he said, I consulted with the client, Mr. Haines. Again, that does not establish that he consulted with Mr. Haines regarding his contentions of constitutional deprivation. I know counsel means it suggests a bit simplified, but the rule states specifically, and that's when counsel had an opportunity to state on the record that he complied with the duties of the rule, and he didn't say that. Secondly, regarding counsel, this is an argument, too, that the record shows that counsel examined the trial proceedings. Counsel suggests that because, argues that because the record shows that counsel obtained the record, that he somehow examined the record sufficient to satisfy the rule. The rule doesn't say that counsel is required to get the record. It says that counsel must examine the trial proceedings. So that's insufficient to establish that counsel examined the trial proceedings. And again, as I argued, that the counsel's statements at the evidentiary hearing do not reflect a familiarity with the facts and the evidence in the record to establish that he examined the record of the proceedings. Moreover, counsel argues in defending post-conviction counsel's failure to present evidence or argue these issues, that counsel only argued the strongest issues. However, counsel is still – counsel raised these issues. Now, again, for example, the issue of not – trial counsel reflected for not filing a motion to cross-arrest. Counsel raised that. Just because there is a – made perhaps a stronger issue in post-conviction counsel's mind, if counsel made that – raised that issue in the amended petitions, he's obliged to require to present evidence in support or to make arguments in support and try to develop the record regarding that claim, not just make a broad allegation in the petition and drop it. That does not satisfy – that does not provide a reasonable level of assistance. So both issues – in argument one, I think the record rebuts the presumption established by the certificate that counsel complied with the rules. And I think counsel's performance at the evidentiary hearing does not rise to a reasonable level of assistance by failing to present evidence in support, arguments in support, and develop the record. Counsel says that there is no facts to support these claims. That's why counsel didn't – there's nothing to – couldn't explain that there's nothing to support the argument that a motion to cross-arrest should have been filed. Well, counsel raised that issue, and the evidence to support that, that is absent, is post-conviction counsel's obligation to present into the record. That's why we don't have any evidence in the record about – to determine one way or the other whether counsel is ineffective for not filing a motion to cross because post-conviction counsel didn't present evidence, but make arguments pertaining to it. It's an honor to demand the case for further post-conviction proceedings. Thank you, counsel. Thank you, Your Honor. We appreciate the briefs and arguments of counsel. We'll take the case under advisement, issue a ruling in due course. Thank you.